FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 0 6 2017

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
*Western*

| | |
|---|---|
| JAMES McCOY and | |
| JOAN McCOY, | |
|     PLAINTIFFS, | |
| | Case No. 4:17cv571-JM |
| v. | |
| | |
| FINANCIAL CREDIT SERVICES, INC., | |
| d/b/a ARA, INC. and d/b/a ASSET RECOVERY | |
| ASSOCIATES, and | |
| BRUCE COHEN | This case assigned to District Judge Moody |
|     DEFENDANTS | and to Magistrate Judge Harris |

## COMPLAINT

1. This action arises out of the violations of the Fair Debt Collection Practices Act, 15
   U.S.C. § 1692, et seq. (hereinafter referred to as "FDCPA") by Financial Credit
   Services, Inc. d/b/a ARA, Inc. and Asset Recovery Associates ("ARA") and Bruce
   Cohen ("Cohen").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper before this Court pursuant to 28 U.S.C.§ 1391(b), where the acts and
   transactions giving rise to Plaintiffs' action occurred in this State and this District and
   where Plaintiffs reside in this State and this District.

## PARTIES

4. Plaintiff James McCoy is a natural person, who at all relevant times resided in White
   County, Arkansas.

5. Plaintiff Joan McCoy is a natural person, who at all relevant times resided in White
   County, Arkansas.

1

6. ARA is an Illinois corporation with principal offices situated at Lombard, Illinois, according to its most recent filing with the Illinois Secretary of State.

7. Cohen is a natural person and the President of ARA.

## FACTUAL ALLEGATIONS

8. Plaintiffs are or were allegedly obligated on an old credit card account ("Account"). The Account, if real, was used to purchase various personal effects, but was certainly never used for business or commercial purposes.

9. The Account originated with an entity other than any of the defendants and went into default more than 10 years ago prior to being sold or otherwise transferred to defendants for collection.

10. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

11. Plaintiffs are "consumer[s]" as defined by 15 U.S.C. § 1692a(3).

12. The principal purpose of ARA is the purchase of delinquent debts and the collection of those debts, directly or indirectly, using the mails and telephone and other means.

13. ARA regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

14. ARA is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

15. Cohen actively manages ARA and directs the policies of the company.

16. At all times relevant hereto, Cohen directed the employees and agents of ARA to act in the manner they acted as described below when attempting collections from Plaintiffs.

2

17. Cohen regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Cohen uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts.

18. Cohen is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

19. During the one year prior to the date of the filing of this Complaint, in approximately April 2017, ARA and/or representative(s), employee(s) and/or agent(s) of ARA used telecommunications to communicate with Plaintiffs about the Account in order to collect the Account.

20. ARA told Plaintiffs that they would be sued on the Account if it was not paid immediately.

21. ARA spoke to Plaintiffs in a threatening, nasty, demeaning, rude and offensive manner.

22. The statements made to Plaintiffs regarding being sued on the Account were false and deceptive as the Account is so old that ARA cannot sue Plaintiffs on the Account.

23. The statements made to Plaintiffs regarding being sued on the Account were intended to cause Plaintiffs to make a payment on the Account.

24. On or about the same day as the telephone communication described above, ARA sent a written communication to Plaintiffs.

25. The written communication referenced above stated that "All obligations regarding this debt . . . have been fully transferred to this office."

26. The statement referenced from the written communication was false as the obligations of the debt had not been transferred to ARA.

27. All of the conduct by ARA described above was done knowingly and willfully.

28. Cohen instructed the employees of ARA to act in the manner they did when attempting to collect from Plaintiffs.

29. Cohen knew that the conduct of ARA toward Plaintiffs was illegal, yet he instructed it or knowingly allowed it anyway.

30. ARA's purpose for all of the communications with Plaintiffs described above was to attempt to collect the Account.

31. Each telephone call and each written correspondence individually conveyed information regarding the account directly or indirectly to Plaintiffs.

32. The telephone call(s) and written correspondence(s) each individually constituted a "communication" as defined by 15 U.S.C. § 1692a(2).

33. The only reason that ARA and/or representative(s), employee(s) and/or agent(s) of ARA made telephone call(s) to, had telephone conversation(s) with and left message(s) for Plaintiffs was to attempt to collect the Account.

34. The conduct of ARA as described above was done knowingly and willfully and purposefully.

35. As a direct and proximate result of the aforesaid actions, Plaintiffs seeks damages pursuant to 15 U.S.C. § 1692k(a).

## RESPONDEAT SUPERIOR

36. The representative(s) and/or collector(s) at ARA were employee(s) and/or agent(s) of ARA at all times mentioned herein.

37. The representative(s) and/or collector(s) at ARA were acting within the course and/or scope of their employment at all times mentioned herein.

38. The representative(s) and/or collector(s) at ARA were under the direct supervision and/or control of ARA at all times mentioned herein.

39. The actions of the representative(s) and/or collector(s) at ARA are imputed to their employer, ARA.

40. Cohen exerted influence and control over ARA, via ownership, and directed ARA and ARA's employees and agents to act in the ways described above when ARA attempted its collections from Plaintiffs.

41. Cohen is liable to Plaintiffs for the violations of ARA and ARA's employees and agents.

## COUNT I:  VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq. BY FINANCIAL CREDIT SERVICES, INC.

42. The previous paragraphs are incorporated into this Count as if set forth in full.

43. The act(s) and omission(s) of ARA and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692d generally and § 1692d(2) specifically, and 15 U.S.C. § 1692e(2)&(5)&(8)&(10).

44. Pursuant to 15 U.S.C. § 1692k Plaintiffs seek damages, reasonable attorney's fees and costs from ARA.

## COUNT II:  VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq. BY BRIAN COHEN

45. The previous paragraphs are incorporated into this Count as if set forth in full.

46. The act(s) and omission(s) of Cohen and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692d generally and § 1692d(2) specifically, and 15 U.S.C. § 1692e(2)&(5)&(8)&(10).

47. Pursuant to 15 U.S.C. § 1692k Plaintiffs seek damages, reasonable attorney's fees and costs from Cohen.

## JURY TRIAL DEMAND

48. Plaintiffs are entitled to and hereby demand a trial by jury.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiffs request that the Court grant the following:

49. Judgment in favor of Plaintiff James McCoy and against ARA and Cohen, joint and severally, as follows:

    a.  Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

    b.  Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

    c.  Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

    d.  Such other and further relief as the Court deems just and proper.

50. Judgment in favor of Plaintiff Joan McCoy and against ARA and Cohen, joint and severally, as follows:

    e.  Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

    f.  Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

    g.  Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

    h.  Such other and further relief as the Court deems just and proper.

Respectfully submitted,

COOK LAW FIRM, P.A.

Jeffrey D. Wood, AR Bar No. 2006164
14524 Cantrell Rd
Suite 140-PMB 298
Little Rock, AR 72227
Telephone: (682)651-7599
Facsimile: (888) 598-9022
jeff@mmlaw.pro

and

Harold F. Cook, AR Bar No. 99118
8114 Cantrell Road, Suite 100
Little Rock, AR 72227
Telephone: (501) 255-1500
Facsimile: (501) 255-1116
hal@attorneyhalcook.com

ATTORNEYS FOR PLAINTIFFS